```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**TIMOTHY GALES,**

    **Plaintiff,**

                                                Civil Action 2:16-cv-123
    **vs.**                                          Judge Frost
                                                Magistrate Judge King

**THOMAS P. CHARLES,** *et al.*,

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

    Plaintiff, who is proceeding without the assistance of counsel, asserts claims under 42 U.S.C. § 1983 and state law against state agencies and state employees arising out of plaintiff's state employment and certain criminal proceedings.

    Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. §1915(a), ECF No. 1, is **GRANTED**. It is **ORDERED** that plaintiff be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render service in this action shall do so as if the costs had been prepaid. It is **FURTHER ORDERED** that the United States Marshal serve by certified mail upon each defendant named in the *Complaint* a summons, a copy of the *Complaint*, and a copy of this *Order and Report and Recommendation.*

    However, having performed the initial screen of the Complaint required by 28 U.S.C. § 1915(e), the Court **RECOMMENDS** that the claims asserted against defendants the Ohio State Highway Patrol and the Ohio

1

Department of Public Safety, both state agencies, be dismissed for lack of subject matter jurisdiction and for failure to state a claim for relief, and that the state law claims asserted against all individual defendants be dismissed unless and until the Ohio Court of Claims determines that the individual defendants may not invoke the immunity from civil liability conferred by O.R.C. § 9.86.

Two of the named defendants are state agencies. State agencies are absolutely immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution. *See Beil v. Lake Erie Correction Records Dept*., 282 Fed. Appx. 363, 2008 WL 2434738 (6th Cir. June 13, 2008). *See also Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997)(Eleventh Amendment sovereign immunity applies not only to the states themselves but also to "state agents and instrumentalities").  Moreover, a state agency is not a "person" subject to suit under 42 U.S.C. §1983*. Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70-71 (1989).

Similarly, claims for damages asserted against state employees in their official capacities cannot proceed in a federal court because such claims are deemed to be claims against the State. *Will*, 491 U.S. at 71 ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983").

Accordingly, the claims asserted against the defendant state agencies, and the claims for monetary damages against state employees in their official capacities, cannot proceed.

Plaintiff also asserts claims under state law. State employees

are vested with immunity from civil liability under Ohio law for injuries caused in the performance of the employee's duties "unless the officer's . . . actions were manifestly outside the scope of his employment . . ., or unless the officer . . . acted with malicious purpose, in bad faith, or in a wanton or reckless manner." O.R.C. § 9.86.  However, it is the Ohio Court of Claims that has the "exclusive, original jurisdiction to determine, initially, whether the officer . . . is entitled to personal immunity under section 9.86. . . ." O.R.C. § 2743.02(F). Thus, a federal court cannot exercise supplemental jurisdiction over state law claims against a state employee in his individual capacity until such time as the cause of action is recognized under state law, *i.e.,* until the Ohio Court of Claims determines that the employee is not entitled to immunity under O.R.C. § 9.86. *Haynes v. Marshall,* 887 F.2d 700, 704 (6th Cir. 1989). Thus, unless and until the Ohio Court of Claims determines that the individual defendants may not invoke the immunity from civil liability conferred by O.R.C. § 9.86, this Court has no jurisdiction to consider the state law claims asserted against them.

It is therefore **RECOMMENDED** that the claims asserted against the defendant state agencies, and the claims for monetary damages against state employees in their official capacities, be dismissed. It is **FURTHER RECOMMENDED** that the state law claims asserted against the defendant state employees in their individual capacity be dismissed until such time as the Ohio Court of Claims determines that these employees are not entitled to immunity under O.R.C. § 9.86.

3

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

4

                                                                    *S/   Norah McCann King*
                                                                      Norah McCann King
February 16, 2016                      United States Magistrate Judge