UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Timothy Gales,**

    **Plaintiff,**

    v.                                             Case No. 2:16–cv–123

**Thomas P. Charles,** *et al.,*            Judge Michael H. Watson

    **Defendants.**

## ORDER

This matter is before the Court for consideration of the Magistrate Judge's February 16, 2016 Order and Report and Recommendation, ECF No. 3, and Plaintiff's objection, ECF No. 5. In her Order and Report and Recommendation, the Magistrate Judge conducted an initial screen of Plaintiff's complaint and recommended that the Court dismiss the claims against Defendants the Ohio State Highway Patrol and the Ohio Department of Public Safety for lack of subject matter jurisdiction and because Plaintiff has failed to state a claim upon which this Court can grant relief. The Magistrate Judge also recommended that the Court dismiss all state law claims against all individual defendants, because (1) the official capacity claims seeking monetary damages constitute claims against the state, which are barred by absolute immunity by virtue of the Eleventh Amendment to the United States Constitution, and (2) the Court lacks jurisdiction to consider the individual capacity claims because the Ohio Court of

Claims has not ruled on whether the individual defendants are conferred immunity under Ohio Revised Code § 9.86.

In his objections, Plaintiff concedes that the Court should dismiss the claims against the Ohio State Highway Patrol and the Ohio Department of Public Safety. Plaintiff also concedes that he must proceed in the Ohio Court of Claims in regard to his claims against the individual defendants in their individual capcity. Plaintiff indicates that he is objecting to any dismissal with prejudice of the claims against the individual defendants. Plaintiff also asks to amend his complaint. Briefing on the objection has closed, and the Order and Report and Recommendation and the objection are ripe for disposition.

When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff's objection is without merit. The Magistrate Judge did not recommend a dismissal with prejudice of the individual capacity claims against the state employee defendants. Indeed, the dismissal will be without prejudice.

Plaintiff's request to file an amended complaint appears to be premised on filing such a complaint after proceeding in the Ohio Court of Claims. Plaintiff has

neither proffered an amended complaint nor indicated with any specificity what an amended pleading would contain.  A dismissal without prejudice would mean that Plaintiff could simply file a new complaint rather than holding this case open pending an Ohio Court of Claims decision on the immunity issue.  The Court therefore **DENIES** the request to file an amended complaint.

This Court **OVERRULES** Plaintiff's objection, ECF No. 5, and **ADOPTS** and **AFFIRMS** the Order and Report and Recommendation, ECF No. 3.  The Court therefore **DISMISSES WITH PREJUDICE** the claims against the defendant state agencies and the claims for monetary damages against the state employees in their official capacities.  The Court **DISMISSES WITHOUT PREJUDICE** the claims against the state employees in their individual capacities.

The Clerk shall enter judgment accordingly and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**